

IN THE
TENTH COURT OF APPEALS

————————

No. 10-15-00195-CV

IN THE INTEREST OF
J.W., M.S., O.S., T.S., AND K.S., CHILDREN

————————

From the 414th District Court
McLennan County, Texas
Trial Court No. 2014-154-5

## MEMORANDUM OPINION

William W. appeals the trial court's order terminating his parental rights to J.W. and T.S.[1]  After hearing all the evidence, the trial court found by clear and convincing evidence that William (1) constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and (2) failed to comply with the provisions of a court order that specifically established the actions

---

[1] The trial court's order of termination terminates the mother's parental rights to J.W. and T.S.; however she is not a party to this appeal. The trial court's order of termination also terminates the parental rights of the mother and respective fathers of M.S., O.S., and K.S.; however, the parents of those children are not parties to this appeal.

necessary for the parent to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for abuse or neglect. *See* TEX. FAM. CODE ANN. § 161.001 (1) (N) (O) (West 2014). The trial court further found by clear and convincing evidence that termination was in the best interest of the children. We affirm.

## Background Facts

The trial court held a Permanency and Final Hearing on this case involving five minor children. The mother voluntarily relinquished her rights to all five children. William was incarcerated at the time of the hearing on convictions for arson and injury to a child and is expected to be incarcerated until the year 2042. The caseworker for the Department of Family and Protective Services testified about the removal and placement of each of the children. The caseworker stated that the children had been in their current placement for an extended period of time.

## Sufficiency of Evidence

In two issues William argues that the evidence is legally and factually insufficient to support the trial court's findings on each of the grounds for termination. Only one predicate act under section 161.001(1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex.2003). In conducting a legal sufficiency review in a parental termination case:

[A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex.2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002)) (emphasis in *J.P.B.*).

In a factual sufficiency review,

[A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex.2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002)) (internal footnotes omitted) (alterations added).

In the first issue, William argues that the evidence is legally and factually insufficient to support the trial court's finding that he failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who have been in the permanent or temporary

managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for abuse or neglect. *See* TEX. FAM. CODE ANN. § 161.001 (1) (O) (West 2014). William argues that Section 161.001 (1) (O) does not apply to him because it requires that the children be removed from the parent subject to termination. William contends that because he was incarcerated at the time of the removal, the children were not removed from him and that the children were not removed based upon his abuse or neglect. Subsection (O) does not require that the parent who failed to comply with a court order be the same parent whose abuse or neglect of the child warranted the child's removal. *In re D.R.A.*, 374 S.W.3d 528, 532 (Tex.App.-Houston [14th Dist.] 2012, no pet.).

William also argues that there is no evidence of an actual court order admitted into evidence at the final hearing. The clerk's record contains the trial court's order requiring William to comply with the Department's service plan. At the hearing, William did not contest termination of his parental rights based upon § 161.001 (1) (O). The caseworker testified at the hearing that the Department provided William with a service plan and that William did not complete any of the services required in the service plan. William's trial counsel indicated that William was aware of the proceedings and the likely outcome. William's trial counsel stated, "So we would ask that the Court order termination solely on the basis of failure to comply with the Service Plan." Because all the parties treated these documents as evidence, and no contested issues were presented, William may not now complain that the documents were not in evidence and so may not be considered on appeal. *In re A.G.C.*, 279 S.W.3d 441, 450 (Tex.App.-Houston [14th Dist.] 2009, no pet.).

We find that the evidence is sufficient to support termination under TEX. FAM. CODE ANN. § 161.001 (1) (O) (West Supp. 2014). We overrule the first issue. Because we find that the evidence is legally and factually sufficient to support the trial court's finding of a predicate act pursuant to Section 161.001(1) (O), we need not reach the second issue.

In the third issue, William complains that the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of the children. In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex.App.-Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id*. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id*.

J.W. and T.S. have both been in their current placements for approximately three years. The goal for each of the children is adoption by their current placement, and the current caregivers initiated proceedings for custody of the children. The caseworker

testified that the children's emotional and physical needs are being met in the current placement. William was convicted of the offenses of injury to a child and arson. He is incarcerated, and his expected release date is the year 2042. William has not shown that he would be able to provide for the children's physical or emotional needs now or in the future, and he did not provide any evidence of his parental abilities. The caseworker testified that termination is in the best interest of the children. We find that the evidence is sufficient to support the finding that termination is in the best interest of the children. We overrule the third issue.

## Conclusion

We affirm the trial court's order terminating the parental rights of William to his children J.W. and T.S.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
 [CV06]

