

**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-13-00091-CV**

**IN THE INTEREST OF S.L., A CHILD**

_____

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2012-357-3**

_____

## O P I N I O N

_____

Raising six issues, Appellant H.B., the mother, appeals the trial court's termination of her parental rights to S.L. after a bench trial.[1] We will affirm.

### Procedural and Factual Background

On January 27, 2012, the Department filed this case to obtain temporary managing conservatorship of S.L., who was a little over one year old. The caseworker's supporting affidavit stated that after a July 30, 2011 referral alleging neglectful supervision and marijuana use by Appellant, she agreed with the Department to S.L.'s placement with a paternal aunt on October 25, 2011. There were allegations that Appellant was having unsupervised contact with S.L., contrary to her agreement with

---

[1] S.L.'s father voluntarily relinquished his parental rights, which were terminated on that basis.

the Department. In January of 2012, the aunt informed the Department that she could not seek custody of S.L. and asked the Department to obtain custody and place S.L. in foster care. After the Department received Appellant's positive drug test results for methamphetamine and marijuana, the Department filed this case and obtained temporary managing conservatorship of S.L., who was initially placed in foster care.

At trial, Larisa Sheppard, who had become the caseworker, testified that Appellant did not initiate any Department services until April 2012, and that Appellant had to have two clean drug tests before she could visit S.L. Appellant's first visit was April 9, 2012. Sheppard said that Appellant had a history of drug use. As part of her service plan, Appellant agreed to participate in a drug and alcohol assessment, but she missed her May appointment and did not attend it until July. At that time, Appellant agreed to outpatient treatment at the Freeman Center, but she did not start that program until October. In early January 2013, shortly before trial, the Freeman Center informed Sheppard that Appellant was going to be unsuccessfully discharged from its program for noncompliance.

Appellant agreed to random drug testing, but she failed to show for testing in February and June of 2012. Otherwise, her random tests were negative. Her last positive drug test was the January 2012 test referred to above, and Appellant admitted to using methamphetamine and marijuana then. Because Appellant was not participating in a drug treatment program, the Department could not eliminate her drug use as a concern. Over objection, Sheppard testified that she believed that S.L. was endangered when the case began and Appellant was using illegal drugs.

Throughout the case, Appellant moved at least six times. She reported to Sheppard that she was employed mostly as an exotic dancer and worked at multiple places throughout Texas. Appellant admitted to Sheppard that she used drugs while she worked as an exotic dancer and that the exotic dancing environment caused her to struggle with drug use. In October 2012 Appellant reported that she was a bar manager at such an establishment. Thereafter, Sheppard received a report that Appellant was no longer working there.

Sheppard said that Appellant had four other children but none were in Appellant's care because of other Department interventions. Appellant did not testify; she was not present at trial.

The trial court found the following predicate violations as grounds for termination: (1) Appellant knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being (Family Code subsection 161.001(1)(D)); (2) Appellant engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being (Family Code subsection 161.001(1)(E)); and (3) Appellant failed to comply with provisions of a court order specifically establishing actions necessary for the parent to obtain return of the child (Family Code subsection 161.001(1)(O)). The trial court also found that termination of Appellant's parental rights was in S.L.'s best interest.

### Predicate Violations

In a proceeding to terminate the parent-child relationship brought under section

161.001, the Department must establish by clear and convincing evidence two elements: (1) one or more acts or omissions enumerated under subsection (1) of section 161.001, termed a predicate violation; *and* (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2012); *Swate v. Swate,* 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied). The factfinder must find that both elements are established by clear and convincing evidence, and proof of one element does not relieve the petitioner of the burden of proving the other. *Holley v. Adams,* 544 S.W.2d 367, 370 (Tex. 1976); *Swate,* 72 S.W.3d at 766. "Clear and convincing evidence" is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Spangler v. Texas Dept. of Prot. & Reg. Servs.,* 962 S.W.2d 253, 256 (Tex. App.—Waco 1998, no pet.).

If multiple predicate violations under section 161.001(1) were found in the trial court, we will affirm based on any one ground because only one predicate violation under section 161.001(1) is necessary to a termination judgment. *In re T.N.F.,* 205 S.W.3d 625, 629 (Tex. App.—Waco 2006, pet. denied), *overruled in part on other grounds by In re A.M.,* 385 S.W.3d 74, 79 (Tex. App.—Waco 2012, pet. denied). An unchallenged finding of a predicate violation is binding and will support the trial court's judgment, and we may affirm the termination on that finding and need not address the other grounds for termination. *See In re D.L.S.,* No. 10-11-00033-CV, 2011 WL 2480439, at *2 (Tex. App.—Waco June 22, 2011, no pet.).

Because Appellant does not challenge the trial court's termination under Family Code subsection 161.001(1)(O), we need not address her first and second issues,[2] which challenge the legal sufficiency of the evidence to support the trial court's endangerment findings under subsections 161.001(1)(D) and 161.001(1)(E).[3] *See* TEX. R. APP. P. 47.1.

## Best Interest

In issues three and four, Appellant asserts that the evidence is legally and factually insufficient to support the trial court's best-interest finding. Both legal and factual sufficiency reviews in termination cases must take into consideration whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the petitioner bears the burden of proof. *In re J.F.C.,* 96 S.W.3d 256, 264-68 (Tex. 2002) (discussing legal sufficiency review); *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002) (discussing factual sufficiency review).

> In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a

---

[2] We thus also need not address issue six, which requests us to modify the trial court's judgment if we sustain issues one or two.

[3] We decline to follow the dicta in *In re S.N.,* 272 S.W.3d 45, 60-61 (Tex. App.—Waco 2008, no pet.) (op. on reh'g), pertaining to the "collateral consequence" of future terminations as to Appellant's other children under subsection 161.001(1)(M). *See* TEX. FAM. CODE ANN. § 161.001(1)(M) (providing for termination if parent has "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E)"). And to the extent necessary, we overrule that part of *S.N.* asserting the necessity of reviewing affirmative endangerment findings as collateral consequences.

reasonable factfinder could have disbelieved or found to have been incredible.

*J.F.C.*, 96 S.W.3d at 266.

In a factual sufficiency review, a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.*

> [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*Id.* at 266-67 (footnotes and citations omitted); *see C.H.*, 89 S.W.2d at 25.

In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371-72. This list is not exhaustive, but simply indicates factors that have been or could be pertinent. *Id.*

The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *Dupree v. Tex. Dep't Prot. & Reg. Serv's.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas

1995, no writ). The goal of establishing a stable permanent home for a child is a compelling state interest. *Id.* at 87. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *In re S.H.A.,* 728 S.W.2d 73, 92 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (en banc).

At the time of trial, S.L. was age two. The Department obtained temporary managing conservatorship of S.L. in late January of 2012, and Appellant did not visit S.L. until April 9. Since then, Appellant missed forty percent of her scheduled visits, including the visit the week before trial, and she did not complete her family service plan. Appellant did not maintain consistent housing, moving at least six times between living with her grandmother and other people. As mentioned, Appellant mostly worked as an exotic dancer, and at trial the Department had no proof of current employment. Appellant provided no child support for S.L. during the pendency of the case, and as noted, none of Appellant's four other children were in her care because of other Department interventions.

S.L.'s placement was with Shay G., a paternal cousin, for prospective adoption, which Sheppard said was in S.L.'s best interest. Appellant had agreed to the placement, and S.L. had been with Shay for seven months. S.L. has bonded with Shay, who plans to adopt S.L. and raise S.L. with her other child. Shay is employed, has a home where she has lived for over three years, and was in the process of getting a divorce. S.L. has no health concerns and her emotional and physical needs are being met.

Considering all the evidence in relation to the *Holley* factors in the light most favorable to the trial court's best-interest finding, we hold that a reasonable factfinder

could have formed a firm belief or conviction that termination of Appellant's parental rights was in S.L.'s best interest. Viewing all the evidence in relation to the *Holley* factors, we hold that a reasonable factfinder could have reasonably formed a firm belief or conviction that termination was in S.L.'s best interest. The evidence is legally and factually sufficient on the best-interest finding, and we overrule issues three and four.

**Hearsay**

In issue five, Appellant complains that the trial court erroneously admitted, over objection, hearsay testimony pertaining to reports of Appellant's alleged continuing drug use and tampering with her drug tests. We assume without deciding that the trial court erred in overruling the hearsay objections, but the alleged error was harmless in this bench trial; we cannot conclude that it probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). We thus overrule issue five.

We affirm the trial court's order of termination.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 5, 2013
[CV06]