

# IN THE
# TENTH COURT OF APPEALS

———————————

## No. 10-13-00452-CV

## IN THE INTEREST OF M.G., M.G., AND K.G., CHILDREN

———————————

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 001802-CV-272**

## MEMORANDUM OPINION

In two issues, appellant, Kindle Parnell, challenges the trial court's order terminating her parental rights to her three children, M.G.-1, M.G.-2, and K.G. We affirm.

### I. TERMINATION OF PARENTAL RIGHTS

Here, appellant argues that the trial court's order of termination is not supported by legally and factually sufficient evidence. More specifically, appellant asserts that the record does not contain sufficient evidence upon which the trial court could form a firm belief or conviction that termination of her parental rights was in the best interest of the children.

## A.    Applicable Law

In a proceeding to terminate the parent-child relationship brought under section 161.001 of the Texas Family Code, the Department is required to establish a predicate ground listed under subdivision (1) of the statute and to prove that termination is in the best interest of the children.  TEX. FAM. CODE ANN. § 161.001 (West 2014); *see In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005).  Only one predicate ground under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.  *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Further, termination decisions must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West 2014).   Evidence is clear and convincing if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."   *Id.* § 101.007 (West 2014). We review the sufficiency of the evidence for the predicate ground and best interest pursuant to well-established standards set by the Texas Supreme Court.  *See In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *see also In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

Here, appellant focuses her issues on the trial court's best interest finding, rather than the predicate grounds for termination.  *See In re D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.); *In re L.M.*, 104 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also In re S.L.*, No. 10-13-00091-CV, 2013 Tex. App. LEXIS 11465, at *5 (Tex. App.—Waco Sept. 5, 2013, no pet.) ("An unchallenged finding of a predicate violation is binding and will support the trial court's judgment, and we may affirm the

termination on that finding and need not address the other grounds for termination.”). As such, we will focus our analysis on the trial court's best-interest finding.

In determining whether termination of appellant's parental rights was in the children's best interest, we consider the well-established *Holley* factors. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* at 371-72 (noting also that this list is not exhaustive, but simply indicates factors that have been or could be pertinent). There is no requirement that the Department prove all of these factors as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the children's best interest. *See In re C.H.*, 89 S.W.3d at 27. Moreover, evidence establishing the predicate grounds under section 161.001(1) also may be relevant to determining the best interest of the child. *See id.* at 27-28.

**B.  Discussion**

Michelle Hudiburg, the children's Department-of-Family-and-Protective-Services (the "Department") caseworker, testified that M.G.-1 was four years old, M.G.-2 was

three years old, and K.G. was two years old at the time of trial. Hudiburg noted that the children have been in the Department's custody most of their lives. In fact, K.G. has been in the Department's custody since birth. Moreover, the record reflects that M.G.-1 has emotional and behavioral issues and delays that required daily therapy and medication.

Appellant's first contact with the Department occurred in February 2009, when appellant tested positive for drugs. At this time, the Department removed the children and worked with appellant to return the children. Appellant apparently completed some services; however, in May 2010, the Department received a report of domestic violence and drug use in the house. The children were removed once again and placed with their paternal grandmother. Subsequently, appellant entered into an agreement so that the Department would be named the permanent managing conservator of the children. Appellant violated the agreement with the Department by committing a crime—domestic violence. Appellant was incarcerated in 2012, and despite appellant's testimony that she should be paroled by January 2014, Hudiburg testified that the Texas Department of Criminal Justice's website stated that appellant will remain incarcerated until July 2016.[1]

---

[1] *See In re D.M.*, 58 S.W.3d 801, 814 (Tex. App.—Fort Worth 2001, no pet.) ("While appellant's history, admissions, and conduct relating to drug abuse, and her inability to maintain a lifestyle free from arrests and incarcerations support the jury's endangerment finding, this evidence is also relevant to a best interest determination."); *see also In re A.Y.*, No. 10-13-00209-CV, 2013 Tex. App. LEXIS 15027, at *16 (Tex. App.—Waco Dec. 12, 2013, no pet.) (mem. op.) ("A parent's engaging in criminal conduct endangers the emotional well-being of a child because of the parent's resulting incarceration.").

Hudiburg then described appellant's lengthy criminal history, which includes convictions for aggravated assault,[2] securing execution of document by deception in an amount greater than $1,500 but less than $20,000,[3] and criminal mischief.[4] Hudiburg also testified that appellant has had no contact with or provided any support for her children while she has been incarcerated. And despite the fact that appellant had written her children a few letters while incarcerated, Hudiburg characterized the contact as sporadic. Hudiburg also recounted that appellant provided meager support for the children prior to incarceration.

Noelle Perry, the Court-Appointed Special Advocate on the case since February 2011, echoed Hudiburg's concerns about appellant. Perry testified that appellant has been violent and described instances where appellant engaged in violence with the children's father and a family member at a furniture store. Additionally, Perry noted that she has never seen a time where appellant puts the children before herself, and Perry did not believe that this would change.

With regard to the children's current placement with the paternal grandmother, Hudiburg and Perry both agreed that it is an appropriate placement. Specifically, Hudiburg stated that the paternal grandmother's home is licensed through the Department and that the children "are very bonded to her [the paternal grandmother],

---

[2] Appellant was originally charged with aggravated assault with a deadly weapon; however, the deadly-weapon allegation was later dropped.

[3] Hudiburg described this offense as involving "Food Stamp fraud."

[4] *See Williams v. Williams*, 150 S.W.3d 436, 451 (Tex. App.—Waco 2004, pet. denied); *Ray v. Burns*, 832 S.W.2d 431, 435 (Tex. App.—Waco 1992, no writ) ("Past is often prologue."); *see also In re C.L.B.*, No. 10-13-00203-CV, 2014 Tex. App. LEXIS 1924, at *34 (Tex. App.—Waco Feb. 20, 2014, no pet.) (mem. op.) ("Evidence of past misconduct or neglect can be used to measure a parent's future conduct.").

well-adjusted to the home." When asked about the importance of being a licensed home, Hudiburg noted that: (1) the paternal grandmother's home is monitored regularly; (2) the home is free of safety hazards and concerns; (3) the paternal grandmother is trained to handle M.G.-1's issues; and (4) the paternal grandmother is held to a high standard for caring for the children.

Both Hudiburg and Perry stated that the paternal grandmother has an adequate support system for the children and that termination of appellant's parental rights would provide the children the permanency that they need. Additionally, Perry opined that appellant and the paternal grandmother have a rocky relationship. And finally, when asked for her ultimate recommendation in this case, Perry stated the following:

> Based on all the events of this case since I've been on it, Ms. Parnell simply has been unable, at least up to this point, to control her behavior. She has been violent more than once toward the father, towards other individuals.
>
> I can't sit here and say we should—we should start over at this point. It just doesn't make much sense to me. These kids have been in this system now for over three years and I think that they deserve permanency at this point. They live with their grandmother—for all practical purposes, they have lived with their grandmother for all their lives. She takes very good care of them. She works very hard. And I do not think that it's in their best interest to continue this journey.
>
> It's in their best interest to find permanency so everyone knows what their plan is . . . .[5]

Appellant testified on her own behalf. Appellant admitted putting the children "on the back burner for things that didn't matter." However, she emphasized that she has grown up and that she is taking parenting, spiritual, and anger-management classes

[5] *See In re S.H.A.*, 728 S.W.2d 73, 92 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (noting that the need for permanence is a paramount consideration for a child's present and future physical and emotional needs).

while incarcerated.[6]  Appellant also testified that she has left clothes and food for the children in the past and that she writes to the children two or three times a week. Essentially, appellant disagreed with the decision to terminate her parental rights because she has changed.

Nevertheless, appellant admitted that she has an anger problem and that she knew she could lose her children if she violated the agreement she had with the Department.  Appellant also acknowledged that the paternal grandmother's home is a safe and appropriate placement for the children, and with regard to the paternal grandmother, appellant noted "she's solid.  She's been their backbone.  She's been there for them."  Appellant conceded that "right now I know that I can't be there for them, and I'm not there for them physically, mentally, or emotionally, and I haven't been there for them in awhile [sic]."

Later, appellant testified that, upon release from prison, she anticipated living with her parents in her parents' trailer.  Regarding supporting the children, appellant believed that she could get a job driving a truck and that she would apply for an "Obama grant that he gives money to ex-convicts."[7]

---

[6] *See Smith v. Tex. Dep't of Protective and Regulatory Servs.*, 160 S.W.3d 672, 681 (Tex. App.—Austin 2005, no pet.); *see also In re C.L.B.*, 2014 Tex. App. LEXIS 1924, at *35 ("Evidence of a recent improvement does not absolve a parent of a history of irresponsible choices.").

[7] *See In re A.M.*, 385 S.W.3d 74, 83 (Tex. App.—Waco 2012, pet. denied) ("The jury, as the finder of fact, was free to reject Appellant's assertions of future stability and of having learned from her mistakes." (citing *In re B.S.W.*, No. 14-04-00496-CV, 2004 Tex. App. LEXIS 11695, at **25-26 (Tex. App.—Houston [14th Dist.] Dec. 23, 2004, no pet.) (mem. op.) ("Ms. Woods has failed to show that she is stable enough to parent B.S.W. for any prolonged period.  The trial court was entitled to determine that this pattern would likely continue and that permanency could only be achieved through termination and adoption."))).

To the extent that appellant's testimony conflicts with the testimony provided by Hudiburg and Perry, the Texas Supreme Court has stated that we cannot weigh witness credibility issues that depend on the appearance and demeanor of the witnesses, for that is within the factfinder's province. *See In re J.P.B.*, 180 S.W.3d at 573-74. And even when credibility issues appear in the appellate record, we must defer to the factfinder's determinations as long as they are not unreasonable. *See id.* at 573. By terminating appellant's parental rights in this case, the trial court clearly resolved conflicts in the testimony against appellant.

Based on our review of the record, we find that the above-mentioned evidence touches on several of the *Holley* factors and that those factors weigh in favor of the trial court's order of termination. We therefore conclude that the evidence presented was legally and factually sufficient for a factfinder to reasonably form a firm belief or conviction that termination of appellant's parental rights was in the best interest of M.G.-1, M.G.-2, and K.G. *See In re J.P.B.*, 180 S.W.3d at 573; *see also In re H.R.M.*, 209 S.W.3d at 108; *In re C.H.*, 89 S.W.3d at 28. Accordingly, we overrule appellant's issues on appeal.

## II. CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the trial court's order of termination.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 22, 2014
[CV06]