

**IN THE
TENTH COURT OF APPEALS**

No. 10-15-00438-CV

**IN THE INTEREST OF
K.M.S., C.L.J.,III AND K.B.J., CHILDREN**

**From the County Court at Law
Ellis County, Texas
Trial Court No. 89882CCL**

## MEMORANDUM OPINION

Clinton J. appeals from a judgment that terminated the parent-child relationship between him and his children, K.M.S, C.L.J., III., and K.B.J.[1] After hearing all the evidence, the trial court found by clear and convincing evidence that Clinton (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the children, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the children, (3) failed to comply with the provisions of a court order that specifically established the actions

---

[1] The trial court's order of termination also terminates the parental rights of the children's mother; however, she is not a party to this appeal.

necessary to obtain the return of the child, and (4) knowingly engaged in criminal conduct that resulted in the conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. TEX. FAM. CODE ANN. § 161.001 (1) (D) (E) (O) (Q) (West Supp. 2015). The trial court further found by clear and convincing evidence that termination was in the best interest of the children. We affirm.

Clinton argues in his sole issue on appeal that the evidence is factually insufficient to support termination of his parental rights. Only one predicate act under section 161.001(1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex.2003). In a factual sufficiency review,

> [A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex.2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002)) (internal footnotes omitted) (alterations added).

Clinton was convicted in 1998 at the age of twelve for the offense of attempted aggravated sexual assault. As a result of the conviction, Clinton was required to register as a sex offender for 10 years upon release. In March 2008, Clinton was convicted for the

offense of failure to register as a sex offender and sentenced to 365 days in a state jail facility. In November 2008, Clinton was again convicted of the offense of failure to register as a sex offender and sentenced to 180 days confinement in a state jail facility. In April 2010, Clinton was convicted of the offense of failure to register as a sex offender and sentenced to 3 years confinement. In April 2013, Clinton was convicted for the fourth time of the offense of failure to register as a sex offender and sentenced to 5 years confinement.

Section 161.001 (Q) allows for termination if the parent:

knowingly engaged in criminal conduct that has resulted in the parent's:
(i) conviction of an offense; and
(ii) confinement or imprisonment and inability to care for the child
for not less than two years from the date of filing the petition;

TEX. FAM. CODE ANN. § 161.001 (1) (Q) (West Supp. 2015). Subsection Q is to be applied prospectively from the time the petition is filed allowing the State to act in anticipation of a parent's abandonment of the child and not just in response to it. *In re A.V.*, 113 S.W.3d at 360. Thus, if the parent is convicted and sentenced to serve at least two years and will be unable to provide for his or her child during that time, the State may use subsection Q to ensure that the child will not be neglected. *Id.* Evidence of the availability of parole is relevant to determine whether the parent will be released within two years. *In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006). Mere introduction of parole-related evidence, however, does not prevent a factfinder from forming a firm conviction or belief that the parent will remain incarcerated for at least two years. *Id.* Parole decisions are inherently speculative,

and while all inmates doubtless hope for early release and can take positive steps to improve their odds, the decision rests entirely within the parole board's discretion. *Id*.

The record shows that Clinton was convicted for the fourth time of the offense of failure to register as a sex offender in April 2013. The Texas Department of Family and Protective Services filed its petition in July 2014. Clinton testified that his maximum completion date for his five year sentence was November 2017, but he could be released on parole in March 2016. We find that the evidence is factually sufficient to support the trial court's finding that Clinton was convicted of an offense that resulted in his imprisonment and inability to care for the children for not less than two years from the date of filing the petition. Because we find that the evidence is factually sufficient to support the trial court's finding of a predicate act pursuant to Section 161.001(1) (Q), we need not discuss the other predicate grounds for termination.

Having found one predicate act under section 161.001(1), we now will determine whether there is sufficient evidence to support the finding that termination was in the best interest of the children. TEX. FAM. CODE ANN. § 161.001 (2) (West Supp. 2015). In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or

omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex.App.-Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id*. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id*.

K.M.S. is currently living with her maternal aunt and is doing well in her current placement. K.M.S. has expressed a desire to be placed with any family member who would take her. K.M.S's therapist testified that K.M.S. seems confused about the absence of Clinton in her life. The therapist testified that K.M.S. will need an outlet to discuss what has happened with her family and possible counseling. K.M.S. needs consistency and a normal schedule. K.M.S.'s maternal aunt has expressed a desire to adopt K.M.S.

C.L.J. is currently living in a residential treatment center. C.L.J. receives weekly counseling, but occasionally requires more frequent counseling. He has exhibited aggressive behaviors and has threatened to injure himself and others. He is currently taking medication for behavioral issues. C.L.J. has not indicated a desire to live with Clinton. C.L.J's therapist testified that Clinton has not been involved in C.L.J.'s life and that it would be challenging for him to have Clinton introduced in his life at this time. C.L.J. needs stability and has benefitted from therapy. C.L.J will require long term therapy, and his recommended placement is to remain in residential treatment at this time.

K.B.J is currently placed in foster care. His foster family has indicated a desire to adopt him. K.B.J. has only seen Clinton one time, and has not indicated a desire to live with him. K.B.J. is an aggressive, hyper child who requires structure and consistency. K.B.J. requires counseling and medication for his behavioral issues. His needs are being met in his foster placement.

At the time of trial, Clinton was incarcerated. His maximum completion date is November 2017, but he could be released on parole in March 2016. Clinton testified that he has not seen the children since 2011, and he has only seen K.B.J. one time. Clinton has an extensive criminal history including a conviction for assault family violence in which the children's mother was the victim. Clinton plans for K.M.S. to remain living with her aunt. He intends for the other two children to reside with his aunt until his release. His aunt is 69 years-old, and she has medical needs. The aunt also has a son who is incarcerated for murder who would possibly live with her upon his release. Viewing all the evidence in relation to the *Holley* factors, we hold that a reasonable factfinder could have reasonably formed a firm belief or conviction that termination was in the best interest of K.M.S, C.L.J., III., and K.B.J. The evidence is sufficient to support the finding on best interest, and we overrule the sole issue on appeal.

We affirm the trial court's order terminating the parental right of Clinton to his children K.M.S, C.L.J., III., and K.B.J.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 21, 2016
 [CV06]

