

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00006-CV

## IN THE INTEREST OF A.N. AND K.N., CHILDREN

**From the 249th District Court
Johnson County, Texas
Trial Court No. DC-D201600051**

## MEMORANDUM OPINION

Jeremy N. appeals from a judgment that terminated the parent-child relationship between him and his children, A.N. and K.N.[1] After hearing all the evidence, the trial court found by clear and convincing evidence that Jeremy (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the children, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the children, (3) had been convicted or placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under section 22.04

---

[1] Jessica N. is the mother of A.N. and K.N. She executed a voluntary relinquishment of her parental rights and is not a party to this appeal.

of the Penal Code   TEX. FAM. CODE ANN. § 161.001 (b) (1) (D) (E) (L) (West Supp. 2016). The trial court further found by clear and convincing evidence that termination was in the best interest of the children. We affirm.

**Facts**

Jeremy is the father of J.N.; twin boys, M.N. and M.N.; and twins A.N. and K.N. A.N. and K.N were born on November 23, 2015.  On January 23, 2016, Jeremy was convicted for injury to a child and sentenced to seventy-five years confinement for injuries M.N. received as a result of being shaken.  This Court affirmed Jeremy's conviction on May 17, 2017 in Cause No. 10-16-00222-CR.  Jeremy's parental rights were terminated to J.N. and M.N., and M.N., and this Court affirmed the trial court's order of termination for those children on February 22, 2017 in Cause No. 10-16-00234-CV.

Jeremy was incarcerated for the offense of injury to a child at the time A.N. and K.N. were born, and he remained incarcerated during the pendency of the case.  Jeremy was never allowed visitation with A.N. and K.N. The children were removed from the parents while they were still in the hospital and have been in foster care since being released from the hospital.

**Standard of Review**

In eight issues Jeremy argues that the evidence is legally and factually insufficient to support the trial court's findings on each of the grounds for termination.  Only one predicate act under section 161.001 (b) (1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best

interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex.2003). In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex.2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002)) (emphasis in *J.P.B.*).

> In a factual sufficiency review,

> [A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex.2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002)) (internal footnotes omitted) (alterations added).

**Conviction for Injury to a Child**

In the fifth and sixth issues, Jeremy complains that the evidence is legally and factually insufficient to support the trial court's finding that he was convicted of a crime under Section 22.04 of the Texas Penal Code. Section 161.001 (b) (1) (L) of the Texas Family Code allows termination of the parent-child relationship if the parent has:

> been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code, or under a law of another jurisdiction that contains elements that are substantially similar to the elements of an offense under one of the following Penal Code sections, or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections:
> …
>
> (ix) Section 22.04 (injury to a child, elderly individual, or disabled individual);

TEX. FAM. CODE ANN. § 161.001 (b) (1) (L) (West Supp. 2016).

Jeremy argues that because his criminal conviction was being appealed it could not be used as a ground for termination. In *Rian v. Texas Department of Family and Protective Services,* the Austin Court of Appeals considered whether Section 161.001 (b) (1) (L) had a finality requirement before it could be used as a ground for termination. *See Rian v. Tex. Dep't of Family and Protective Services*, No. 03-08-00155-CV, 2009 Tex. App. LEXIS 5925 at *3 (Tex.App.—Austin July 31, 2009, pet. denied). The court concluded that the legislature intended to permit termination under section 161.001 based on conviction without regard to whether appeals were exhausted. *Rian v. Tex. Dep't of Family and Protective Services*, 2009 Tex. App. LEXIS 5925 at *6. The Amarillo Court of Appeals

agreed with the analysis in *Rian v. Texas Department of Family and Protective Services* and held that Section 161.001 (b) (1) (L) does not require that the appeal of the conviction be exhausted. *In the Interest of T.C.C.H.*, No. 07-11-00179-CV, 2011 Tex. App. LEXIS 10134 at *24 (Tex. App. – Amarillo December 22, 2011, no pet.).

We also hold that Section 161.001 (b) (1) (L) does not require that all appeals be exhausted before the conviction can be used for termination. We overrule the fifth and sixth issues. Because we find that evidence is legally and factually sufficient to support the trial court's finding of a predicate act pursuant to Section 161.001 (b) (1) (L), we need not reach the first, second, third, and fourth issues.

### Best Interest

In the seventh and eighth issues, Jeremy complains that the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of the children. In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex.App.-Waco 2013, no pet.). The *Holley* factors

focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id*. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id*.

A.N. and K.N. were one year old at the time of trial. They had never met Jeremy because he had been incarcerated since their birth. The children are in a foster home with another sibling where their physical and emotional needs are being met. Jeremy is incarcerated and sentenced to seventy-five years in prison. He does not have access to programs to assist him with the children, and he has no plans to care for the children. Jeremy has violent tendencies as evidenced by his conviction for injuring one of his children. We find that the evidence is legally and factually sufficient to support the trial court's finding that termination is in the best interest of the children. We overrule the seventh and eighth issues on appeal.

## Admitting Evidence of Criminal Conviction

In the ninth issue, Jeremy contends that the trial court abused its discretion and violated his due process rights by considering his criminal conviction that had been appealed. Whether the trial court erred in admitting or excluding evidence depends upon whether it abused its discretion. *In re K.S.*, 76 S.W.3d 36, 42 (Tex. App.—Amarillo 2002, no pet.). Furthermore, a trial court abuses its discretion when the decision fails to comport with controlling rules and principles. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

In *In the Interest of W.D.W.*, the Eastland Court of Appeals addressed whether the trial court abused its discretion in admitting criminal convictions under Section 161.001 (1) (L) that were pending on appeal. *In the Interest of W.D.W.*, 2012 Tex. App. LEXIS 5562, at \*39 (Tex.App. – Eastland July 12, 2012, pet. den'd). The court found the analysis *Rian v. Tex. Dep't of Family and Protective Services* to be dispositive and held that the evidence was admitted to show that the parental rights should be terminated; and, therefore, the trial court did not abuse its discretion in admitting the evidence. *Id.* at \*41. We also find that the trial court did not abuse its discretion in admitting the evidence of Jeremy's criminal conviction.

The Texas Supreme Court has held that we use the analysis in *Mathews v. Eldridge*[2] to review due process complaints. *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). In conducting an *Eldridge* due process analysis, we weigh three factors (1) the private interests at stake, (2) the government's interest in the proceeding, (3) and the risk of erroneous deprivation of parental rights. *Id*. The right of a parent to maintain custody of his child is very precious; however, protecting the child's welfare and achieving permanency is also a consideration. *Id*.

Jeremy was convicted of injuring one of his children. The children are in a foster home and have the need for permanency. The government has an interest in protecting the best interest of the children and obtaining a final decision for their placement. Section

---

[2] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

161.001 (b) (1) (L) allows for termination after a parent has been convicted of injury to a child.  The burden of proof for criminal convictions as well as the procedural processes in place for criminal defendants reduces the risk of erroneous deprivation of parental rights after admission of evidence of that criminal conviction.  After weighing the three factors set out in *In re M.S.*, we find that admitting the criminal conviction while it was pending on appeal did not violate Jeremy's due process rights.   We overrule the ninth issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 24, 2017
[CV06]

