

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00310-CV

## IN THE INTEREST OF V.T.E., A CHILD

**From the County Court at Law**
**Ellis County, Texas**
**Trial Court No. 93469CCL**

## MEMORANDUM OPINION

Samantha D. appeals from a judgment that terminated the parent-child relationship between her and her child, V.T.E. [1]  After hearing all the evidence, the trial court found by clear and convincing evidence that Samantha (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the child, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the child, (3) constructively abandoned the child who has been in the custody of the Department of Family and Protective Services for not less than six months, (4) failed to comply with the provisions of a court order that specifically

---

[1] The trial court also terminated the parental rights of V.T.E.'s father; however, he is not a party to this appeal.

established the actions necessary for her to obtain the return of the child, and (5) used a controlled substance in a manner that endangered the health or safety of the child. TEX. FAM. CODE ANN. § 161.001 (b) (1) (D) (E) (N) (O) (P) (West Supp. 2017). The trial court further found by clear and convincing evidence that termination was in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (b) (2) (West Supp. 2017). We affirm.

## Facts

On March 25, 2016, Samantha gave birth to V.T.E. while she was in Texas visiting her mother. V.T.E tested positive at birth for marijuana, and Samantha admitted to using marijuana during the majority of her pregnancy. Medical providers determined that V.T.E. was affected by maternal substance abuse. V.T.E. failed her newborn hearing screening and had notable congenital malformations at birth. V.T.E. was placed in foster care when she was four days-old. Samantha returned to California; however, she agreed to participate in the services outlined in the temporary order issued by the trial court.

## Standard of Review

In five issues Samantha argues that the evidence is legally and factually insufficient to support the trial court's findings on each of the grounds for termination. Only one predicate act under section 161.001 (b) (1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex.2003). In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate

deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex.2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002)) (emphasis in *J.P.B.*).

In a factual sufficiency review,

[A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex.2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002)) (internal footnotes omitted) (alterations added).

### Failure to Comply With the Provisions of a Court Order

In the fourth issue, Samantha complains that the evidence is legally and factually insufficient to support the trial court's finding that she failed to comply with the provisions of a court order. Section 161.001 (b) (1) (O) (West Supp. 2017) of the Texas

Family Code provides that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has:

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child

Samantha does not challenge that V.T.E. has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child. Therefore we will turn to whether Samantha failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of V.T.E.

Crystal Butcher, a caseworker with the Texas Department of Family and Protective Services, testified that Samantha failed to comply with the following court ordered services:

- Pay monthly child support
- Pay monthly medical support
- Not to possess, sell, distribute, utilize, consume or ingest alcohol or illegal drugs or controlled substances
- Maintain full-time employment
- Refrain from engaging in criminal activity
- Keep the Department informed of any changes in her address or telephone number
- Provide copies of her tax returns and bank statements for the past two years and current pay stubs
- Submit medical history report forms to the Department
- Provide family medical history
- Attend and complete American Sign Language classes and demonstrate the sign language in her visitation with V.T.E.

- Provide proof of completion of a twelve-step program through NA
- Attend regular visits with V.T.E.
- Maintain contact with her assigned caseworker

Butcher testified that Samantha testified positive for methamphetamines on more than one occasion and that she also tested positive for marijuana and alcohol. Butcher stated that Samantha did not exercise her visitation with V.T.E. for the first four months of V.T.E's life and then she missed her scheduled visitation in August 2016, December 2016, and February 2017. Samantha has not attended visitation with V.T.E. since March 2017. V.T.E. is deaf and sign language is her only access to language. Samantha did not attend sign language classes and demonstrate sign language during her visitation with V.T.E. Samantha is dependent on her paramour for support and has not demonstrated proof of full-time employment. Samantha sent Butcher a text message indicating that the Department expected too much, and Butcher has not had contact with Samantha since April 2017.

Samantha argues that she substantially complied with the provisions of the court order. Ground O does not quantify any particular number of provisions of the family service plan that a parent must not achieve in order for the parental rights to be terminated or the degree of a parent's conduct that will be deemed to be a failure to achieve a particular requirement of the plan. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O) (West Supp. 2017); *In Interest of B.H.R.*, No. 06-17-00081-CV, 2017 WL 5150852, *5 (Tex. App.-Texarkana, November 7, 2017, no pet.). The record shows that Samantha did not comply with numerous provisions of the court order. Accordingly, we find that the trial court's determination that Samantha failed to comply with the requirements of the family

service plan is supported by legally and factually sufficient evidence, and we overrule the fourth point of error. Because we find that evidence is legally and factually sufficient to support the trial court's finding of a predicate act pursuant to Section 161.001 (b) (1) (O), we need not reach the first, second, third, and fifth issues.

**Best Interest**

In the sixth issue, Samantha complains that the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of V.T.E. In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex.App.-Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id.* The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id.*

V.T.E. is not able to express her desires; however, the record shows that her emotional and physical needs are being met in her current placement. V.T.E. has special

medical needs and requires extensive therapy and medical services. The record shows that Samantha had another daughter with special needs who is now deceased and that Samantha failed to provide necessary medical care for that child. Samantha has not learned sign language to be able to communicate with V.T.E. Samantha has not maintained stable housing or employment to be able to care for V.T.E. Samantha continues to have issues with substance abuse. Samantha did not attend the trial terminating her parental rights to V.T.E. and has not had contact with the Department since April 2017. We find that the evidence is legally and factually sufficient to support the trial court's finding that termination is in the best interest of the children. We overrule the sixth issue on appeal.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 28, 2018
[CV06]

