

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00108-CV

## IN THE INTEREST OF S.T.F. AND T.T.F., CHILDREN

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2019-3526-3**

## MEMORANDUM OPINION

Lakisha F. appeals from the trial court's order terminating her parental rights to her children, S.T.F. and T.T.F.[1]  After hearing all the evidence, the trial court found by clear and convincing evidence that Lakisha (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the children, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the children, (3) constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department of

---

[1] The trial court also terminated the parental rights of the father of S.T.F. and T.T.F.  He is not a party to this appeal.

Family and Protective Services for not less than six months, and (4) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child. TEX. FAM. CODE ANN. § 161.001 (b) (1) (D) (E) (N) (O) (West). The trial court further found by clear and convincing evidence that termination was in the best interest of the children. TEX. FAM. CODE ANN. § 161.001 (b) (2) (West). We affirm.

## BACKGROUND FACTS

The Texas Department of Family and Protective Services (The Department) became involved with S.T.F. and T.T.F. when the father of the children evaded from the police with T.T.F. in the vehicle. At that time S.T.F. was thirteen years-old and T.T.F. was five years-old. S.T.F. reported that both of her parents smoked marijuana. Lakisha admitted at that time that she smoked marijuana laced with cocaine. Both S.T.F. and T.T. F. tested positive for cocaine and were removed from the home.

## STANDARD OF REVIEW

Lakisha argues in her sole issue on appeal that the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of the children. In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the

factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)) (emphasis in *J.P.B.*).

In a factual sufficiency review,

[A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)) (internal footnotes omitted) (alterations added).

**BEST INTEREST**

In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the

programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex. App. —Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id*. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id*.

The record shows that both S.T.F. and T.T.F. have indicated they want to return home to their mother. S.T.F. and T.T.F. are not currently placed together, and they have a strong desire to be together. There was testimony at trial that the only hope of the girls being placed together would be if Lakisha's parental rights were terminated.

Both S.T.F. and T.T.F. have serious emotional and physical needs. S.T.F. is currently in a residential treatment center. She has been in multiple residential treatment centers since being removed from the home because of her behavior issues. She has run away from the treatment centers on several occasions, and she exhibits aggressive behavior. T.T.F. is currently placed in a group home. T.T.F. also exhibits aggressive behavior. Both children need specialized care and intensive supervision. The Department is providing the care needed for the children. The children are improving,

and the goal is to lower their level of care so that they can be placed in a foster home. S.T.F. and T.T.F. are making improvements in their current placements.

There was testimony at trial that Lakisha is unable to meet the emotional and physical needs of the children. Lakisha continued to use drugs after the children were removed. There was testimony that she has used drugs for twenty-five years. The Department became involved with Lakisha in 2000 in a case involving her two older children, which started when one of the children was found unconscious with drugs in his system. During this case, both S.T.F. and T.T. F tested positive for cocaine. Lakisha has not been able to overcome her drug use. She was dismissed from her drug treatment program for non-attendance.

In the appellate brief, the attorney for Lakisha concedes that she is not a proper placement for the children. There was testimony that she is unable to get control of her life to parent her children and that she is unable to recognize the needs of her children. Lakisha does not have housing for herself or for the children. She has been living in motels, and she has also been homeless. Lakisha has not maintained stable employment to care for the children. The trial court noted that at the request of the attorney ad litem for the children, Lakisha was given more time to comply with the service plan, but during that time she "barely lifted a finger" to make any improvements. We find that the evidence is legally and factually sufficient to support the trial court's finding that

termination of Lakisha's parental rights is in the best interest of the children. We overrule

the sole issue on appeal.

## CONCLUSION

We affirm the trial court's order terminating the parental rights of Lakisha to her

children, S.T.F. and T.T.F.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[2]
Affirmed
Opinion delivered and filed September 1, 2021
[CV06]



---

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.