

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00210-CV

## IN THE INTEREST OF B.Y., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2019-4225-3**

## MEMORANDUM OPINION

David Y. appeals from the trial court's order terminating his parental rights to his daughter, B.Y. After hearing all the evidence, the trial court found by clear and convincing evidence that David (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the child, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the child. TEX. FAM. CODE ANN. § 161.001 (b) (1) (D) (E) (West). The trial court further found by clear and convincing evidence that termination was in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (b) (2) (West). We affirm.

## BACKGROUND FACTS

The Texas Department of Family and Protective Services (The Department) initially became involved with B.Y. over allegations of drug use by B.Y.'s mother, Laura. David was not living in the home at that time. Laura tested positive for methamphetamines and amphetamines. David's drug test was negative, but he admitted to prior drug use. Laura did not want B.Y. placed with David, so B.Y. was removed from the family.

After her removal, B.Y. began play therapy with therapist Meredith Moffatt. Based upon her observations of B.Y. during play therapy, Moffatt reported to the police allegations that David had sexually abused B.Y. David was later arrested and charged with sexually abusing B.Y.

Laura completed her services, and the Department recommended returning B.Y. to her care and appointing her as sole managing conservator of B.Y. The trial court held a final hearing and terminated David's rights to B.Y. and appointed Laura as sole managing conservator of B.Y.

## STANDARD OF REVIEW

David argues in his sole issue on appeal that the evidence is legally insufficient to support the trial court's finding that termination is in the best interest of the child. In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed

a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)) (emphasis in *J.P.B.*).

### BEST INTEREST

In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex. App. —Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest.

*Id.* The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id.*

B.Y. was four years-old at the time of the final hearing and unable to express her desires. However, the record shows that B.Y.'s behavior improved when she was returned to Laura and that she was thriving in her care. There was testimony that B.Y. exhibited concerning behaviors such as pulling out her hair leaving bald spots and engaging in sexual behaviors. These behaviors increased when B.Y. had visitation with David and decreased when David was no longer allowed visitation with B.Y. During supervised visitation with David, B.Y. would behave in an aggressive manner, and David would encourage that behavior. Moffatt testified that David did not follow the guidance offered during visitation and did not respect the rules of therapy.

During her therapy sessions, B.Y. made an outcry that David sexually abused her. David is currently incarcerated based upon those allegations. B.Y. also demonstrated in therapy that David was violent with Laura. Laura testified that David physically abused her in the presence of B.Y.

David completed the services in his family plan, but there was testimony that he did not make any life changes as a result of those services. There was no evidence presented that David had any plans for providing a stable home for B.Y. or meeting her needs. The trial court heard testimony that it was in the best interest of B.Y. to have no communication with David and that his parental rights be terminated. We find that the

evidence is legally sufficient to support the trial court's finding that termination of David's parental rights is in the best interest of B.Y. We overrule the sole issue on appeal.

## CONCLUSION

We affirm the trial court's order terminating the parental rights of David to B.Y.


                        STEVE SMITH
                        Justice

Before Chief Justice Gray,
       Justice Johnson, and
       Justice Smith
Affirmed
Opinion delivered and filed February 9, 2022
[CV06]

