

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00456-CV

## IN THE INTEREST OF M.M.H., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2018-3252-3**

## MEMORANDUM  OPINION

Patricia V. appeals from the trial court's judgment that terminated the parent-child relationship between her and her child, M.M.H[1].  After hearing all the evidence, the trial court found by clear and convincing evidence that Patricia (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the child, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the child, and (3) failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the

---

[1] The trial court's judgment also terminated the parent-child relationship between the father, and M.M.H. The father is not a party to this appeal.

child.  TEX. FAM. CODE ANN. § 161.001 (b) (1) (D) (E) (O) (West Supp. 2018).  The trial court further found by clear and convincing evidence that termination was in the best interest of the child.  We affirm.

In the sole issue on appeal, Patricia argues that the evidence is legally insufficient to support the trial court's finding that termination is in the best interest of the child.  In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.  To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so.  A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible.  This does not mean that a court must disregard *all* evidence that does not support the finding.  Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex .2002)) (emphasis in *J.P.B.*).

In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child;  (2) the emotional and physical needs of the child now and in the future;  (3) the emotional and physical danger to the child now and in the future;  (4) the parental abilities of the individuals seeking custody;  (5) the programs available to assist these individuals;  (6) the plans for the child by these

individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex. App.—Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id*. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id*.

M.M.H. was six years-old at the time of the final hearing. M.M.H was placed with a relative after being removed from her home; however, the relative caregiver would not be able to provide long term care for M.M.H. The Texas Department of Family and Protective Services recommended adoption with a non-relative. The record shows that M.M.H. had bonded with the potential adoptive parents, and she told the CASA worker that she wanted to live with the adoptive parents.

Patricia admitted that she continued to use drugs throughout the time she was involved with the Department. Patricia tested positive for methamphetamine and marijuana when she submitted to drug testing, and she eventually refused further drug testing. M.M.H. needs therapy to address previous sexual abuse. Patricia stopped taking M.M.H. to counseling because she did not want the Department to "snatch" M.M.H. from

her at counseling because of Patricia's drug use.  The potential adoptive family has agreed to take M.M.H. to all recommended therapy.

Patricia did not engage in services provided by the Department or indicate any plans to help her care for the child.  Patricia did not maintain stable housing or indicate any plans to provide stable housing for M.M.H.  Further, Patricia did not attend regular visitation with M.M.H. and did not provide any excuse for her actions.  We find that the evidence is legally sufficient to support the trial court's finding that termination is in the best interest of the child[2].  We overrule the sole issue.

We affirm the trial court's judgment.


JOHN E. NEILL
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed February 19, 2020
[CV06]



---

[2] In this proceeding the appellants did not challenge subsection 161.001(b) (1) (D) or (E).  Therefore the Texas Supreme Court's decision in *In The Interest of N.G.*, 577 S.W.3d 230 (Tex. 2019) does not require us to review those grounds for termination.  *See In The Interest of E.K.*, No. 10-19-00070-CV, 2019 WL 3489132 (Tex. App.—Waco July 31, 2019, pet. filed) (memorandum opinion not designated for publication).