

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00256-CV

### IN THE INTEREST OF N.J.L., A CHILD

**From the 249th District Court
Johnson County, Texas
Trial Court No. DC-D201900342**

## MEMORANDUM OPINION

Rico F. appeals from the trial court's order terminating his parental rights to his son, N.J.L. After hearing all the evidence, the trial court found by clear and convincing evidence that Rico (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the child, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the child, (3) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, (4) failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, and

(5) knowingly engaged in criminal conduct that has resulted in the father's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. TEX. FAM. CODE ANN. § 161.001 (b) (1) (D) (E) (N) (O) (Q) (West Supp. 2019). The trial court further found by clear and convincing evidence that termination was in the best interest of the children. TEX. FAM. CODE ANN. § 161.001 (b) (2) (West Supp. 2019). We affirm.

## BACKGROUND FACTS

N.J.L. was born in Kansas and at the time of his birth he had methamphetamine and other drugs in his system. His mother, Patience[1], voluntarily gave him to the Frost family, and the Frosts took N.J.L. to Johnson County, Texas. Sometime after moving to Texas, the Texas Department of Family and Protective Services became involved with N.J.L. because of drug use by Mr. Frost and concerns of Mr. Frost's mental health. N.J.L. was removed from the Frosts and placed in a foster home. Brandon Frost was originally listed as the alleged father of N.J.L. He testified at a hearing, however, that he was not the father. Rico was later adjudicated to be the father of N.J.L.

## STANDARD OF REVIEW

In six issues, Rico argues that the evidence is legally and factually insufficient to support the trial court's findings on each of the grounds for termination and the finding on best interest. Only one predicate act under section 161.001 (b) (1) is necessary to

---

[1] N.J.L.'s mother is not a party to this appeal.

support a judgment of termination in addition to the required finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)) (emphasis in *J.P.B.*).

In a factual sufficiency review,

> [A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)) (internal footnotes omitted) (alterations added).

<h2 style="text-align:center">ENDANGERMENT</h2>

In the second issue, Rico argues that the evidence is legally and factually insufficient to support the trial court's finding that he engaged in conduct or knowingly placed N.J.L. with persons who engaged in conduct that endangers the physical or emotional well-being of N.J.L. Section 161.001 (b) (1) (E) requires a finding of endangerment. To endanger means to expose to loss or injury, to jeopardize. *Texas Department of Human Services v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). The specific danger to a child's physical or emotional well-being need not be established as an independent proposition, but it may be inferred from parental misconduct. *Boyd*, 727 S.W.2d at 533.

Under subsection 161.001 (b) (1) (E), the relevant inquiry is whether evidence exists that the endangerment of the child's physical well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In the Interest of E.M.*, 494 S.W.3d 209, 221 (Tex. App. —Waco 2015, pet. den'd). Under subsection (E) it can be either the parent's conduct or the conduct of a person with whom the parent knowingly leaves the child that endangers the physical or emotional well-being of the child. In either instance it is thus the direct result of the parent's conduct that results in the termination of the parental rights. It is not necessary, however, that the conduct be directed at the child or that the child actually suffer injury. *In the Interest of E.M.*, 494 S.W.3d at 222.

When determining whether a parent has engaged in an endangering course of conduct, a fact finder may consider the parent's actions and inactions that occurred both before and after the child was born. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Evidence of illegal drug use by a parent and its effect on a parent's life and his ability to parent may establish an endangering course of conduct. *Id*. A parent's continuing drug-related conduct can qualify as a voluntary, deliberate, and conscious course of conduct endangering the child's well-being. *Id*. A parent's drug use exposes the child to the possibility the parent may be impaired or imprisoned and, thus, unable to take care of the child. *Walker v. Texas Dep't of Family & Protective Services.*, 312 S.W.3d 608, 617-18 (Tex. App. — Houston [1st Dist.] 2009, pet. denied). Although incarceration alone will not support termination, evidence of criminal conduct, convictions, and imprisonment may support a finding of endangerment. *Texas Department of Human Services v. Boyd*, 727 S.W.2d at 533. Conduct that subjects a child to a life of uncertainty and instability endangers the child's physical and emotional well-being. *In re S.D.*, 980 S.W.2d 758, 763 (Tex. App. —San Antonio 1998, pet. den'd).

Rico told the caseworker that he had a suspicion Patience was pregnant and that he could be the father, but he did not maintain a relationship with her. Patience told the caseworker Rico knew she was pregnant. Rico did not provide any support to Patience during her pregnancy. Rico knew that Patience abused drugs and could not provide a

stable home for N.J.L.; however, he did not make any attempt to protect N.J.L. Patience left N.J.L. with the Frosts, who also exposed N.J.L. to drug use.

Rico was incarcerated for drug use at the time of the final hearing. Rico had been incarcerated on other occasions as well indicating a history of criminal behavior. Rico admitted to heavy drug use prior to his incarceration. Rico's drug use and criminal activity subject N.J.L. to a life of uncertainty and instability and show a course of conduct that endangers N.J.L.

We find that the evidence is legally and factually sufficient to support the trial court's findings that Rico engaged in conduct or knowingly placed N.J.L. with persons who engaged in conduct that endangers the child. TEX. FAM. CODE ANN. § 161.001 (b) (1) (E) (West Supp. 2019). We overrule Rico's second issue on appeal. Only one predicate act under section 161.001 (b) (1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Because we find that the evidence is sufficient under Section 161.001 (b) (1) (E), we have addressed the concerns of protecting Rico's due process and due course of law rights. *See In the Interest of N.G.*, 577 S.W.3d 230 (Tex. 2019). We need not address the first, third, fourth, and fifth issues on appeal.

## BEST INTEREST

In the sixth issue, Rico argues that the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of N.J.L. In

determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex. App. —Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id.* The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id.*

N.J.L. was two years-old at the time of the final hearing and unable to express his desires. The record shows that N.J.L. is bonded to his current caregivers, and they plan to adopt him. There are no concerns with his current placement, and all of his needs are being met.

Rico was incarcerated for drug use at the time of the final hearing and had a history of incarceration and drug use. Rico admitted that he could not be a placement for N.J.L. and told the caseworker that N.J.L. should stay in his current safe and loving home. Rico

had no plans or ability to provide a stable home for N.J.L. Rico did not complete any of the services offered by the Department. Although given the opportunity, Rico did not send any gifts or cards to N.J.L., and did not request to see any pictures of N.J.L. We find that the evidence is legally and factually sufficient to support the trial court's finding that termination of Rico's parental rights was in the best interest of N.J.L. We overrule the sixth issue.

<h2 style="text-align:center">CONCLUSION</h2>

We affirm the trial court's order terminating the parental rights of Rico to his child, N.J.L.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed December 30, 2020
[CV06]

