

IN THE
TENTH COURT OF APPEALS

No. 10-22-00334-CV

IN THE INTEREST OF E.C. AND N.C., CHILDREN

From the 249th District Court
Johnson County, Texas
Trial Court No. DC-D202100362

MEMORANDUM OPINION

Father appeals from the trial court's order terminating his parental rights to E.C. and N.C.  After hearing all the evidence, the trial court found by clear and convincing evidence that Father (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the children, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the children, and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for Father to obtain the return of the children.  TEX. FAM. CODE ANN. § 161.001 (b) (1) (D) (E) (O) (West).  The trial court further found by clear and

convincing evidence that termination was in the best interest of the children. TEX. FAM. CODE ANN. § 161.001 (b) (2) (West). We affirm.

## BACKGROUND

On April 20, 2021, the Texas Department of Family and Protective Services filed its original petition seeking conservatorship of E.C. and N.C. and seeking termination of Mother and Father's parental rights. E.C. and N.C. were removed from Father and Mother's care at that time. Mother and Father filed separate answers to the original petition. On April 18, 2022, the trial court signed an order for the monitored return to Mother. The Department remained as temporary managing conservator of the children, but they were returned to Mother's home. On September 27, 2022, the trial court terminated Father's parental rights to E.C. and N.C. and named Mother as the sole permanent managing conservator of E.C. and N.C.

## SUFFICIENCY OF THE EVIDENCE

In issues one, two, and three Father argues that the evidence is insufficient to support the trial court's predicate parental termination findings under Section 161.001 (b) (1) (D) (E) and (O) of the Texas Family Code. Only one predicate act under section 161.001 (b) (1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In conducting a legal sufficiency review in a parental termination case:

> [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate

deference to the factfinder's conclusion and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to be incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)) (emphasis in *J.P.B.*).

In a factual sufficiency review,

[A] court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.... [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)) (internal footnotes omitted) (alterations added).

### ENDANGERING THE CHILD

To endanger means to expose to loss or injury, to jeopardize. *Texas Department of Human Services v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). The specific danger to a child's physical or emotional well-being need not be established as an independent proposition, but it may be inferred from parental misconduct. *Boyd*, 727 S.W.2d at 533.

When termination of parental rights is based on section D, the endangerment analysis focuses on the evidence of the child's physical environment, although the environment produced by the conduct of the parents bears on the determination of whether the child's surroundings threaten his or her well-being. *In the Interest of E.M.*, 494 S.W.3d 209, 221 (Tex. App.—Waco 2015, pet. den'd). Section D permits termination if the petitioner proves parental conduct caused a child to be placed or remain in an endangering environment. *Id*. It is not necessary that the parent's conduct be directed toward the child or that the child actually be injured; rather, a child is endangered when the environment creates a potential for danger which the parent is aware of but disregards. *Id*. Conduct that demonstrates awareness of an endangering environment is sufficient to show endangerment. *Id*. In considering whether to terminate parental rights, the court may look at parental conduct both before and after the birth of the child. *Id*. Section D permits termination based upon only a single act or omission. *In the Interest of E.M.*, 494 S.W.3d at 222.

Under subsection 161.001 (b) (1) (E), the relevant inquiry is whether evidence exists that the endangerment of the child's physical well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *Id*. Under subsection (E) it can be either the parent's conduct or the conduct of a person with whom the parent knowingly leaves the child that endangers the physical or emotional well-being of the child. In either instance it is thus the direct result of the parent's conduct that results in

the termination of the parental rights. It is not necessary, however, that the conduct be directed at the child or that the child actually suffer injury. *In the Interest of E.M.*, 494 S.W.3d at 222.

Father was arrested in June 2020 for domestic violence against Mother. The family completed Family-Based Safety Services. Then in April 2021 Father was again arrested for domestic violence when he strangled Mother. Father was convicted of felony assault - family violence and was placed on community supervision for that offense. There were allegations he assaulted another woman after his conviction for assaulting Mother. Father did not comply with the terms of his community supervision and was incarcerated at the time of trial.

Mother testified that there were multiple instances of family violence in the home and that the children heard the violence in the home. Mother feared for her safety and for the safety of her children. Mother further testified that Father abuses alcohol and drugs.

Father was required to have two negative drug tests before he could visit with the children. His first test was positive, and he never took any more tests.

Domestic violence may support a finding of endangerment under either Sections 161.001 (b) (1) (D) or Section 161.001 (E) depending on the given circumstances. *See In the Interest of A.L.H.*, 624 S.W.3d 47, 57 (Tex. App. —El Paso 2021, no pet.). There was evidence of ongoing domestic violence by Father. Father was convicted of felony assault

- family violence for strangling Mother. The children were in the home during that assault. Father himself testified that domestic violence endangers a child's physical and emotional well-being.

We find that the evidence is sufficient to support the trial court's findings that Father knowingly engaged in conduct or knowingly placed E.C. and N.C. with persons who engaged in conduct that endangers the child. TEX. FAM. CODE ANN. § 161.001 (b) (1) (E) (West). We overrule the second issue on appeal. Because we find that the evidence is sufficient under Section 161.001 (b) (1) (E), we have addressed the concerns of protecting Father's due process and due course of law rights. *See In the Interest of N.G.*, 577 S.W.3d 230 (Tex. 2019).

Only one predicate act under section 161.001 (b) (1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Therefore, we need not address the first and third issues. TEX. R. APP. P. 47.1.

## BEST INTEREST

In the fifth issue, Father argues that the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of the child. In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now

and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976); *In re S.L.*, 421 S.W.3d 34, 38 (Tex. App. —Waco 2013, no pet.). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *In re S.L.*, 421 S.W.3d at 38. The goal of establishing a stable permanent home for a child is a compelling state interest. *Id*. The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. *Id*.

Both E.C. and N.C. were very young at the time of trial and unable to express their desires. The children do not have any special medical needs. There was testimony that E.C. is fearful of men and made statements that Father scared her. There was testimony that Father was a danger to the children because of domestic violence.

Father did not complete any of his services. He was unsuccessfully discharged from domestic violence class. He started but did not complete his parenting class. In order to have visitation with the children, Father was required to have two negative drug tests. He tested positive on the first test and never took a second test. He did not have any visitation with the children after they were removed. He violated the terms of his

community supervision and was incarcerated during the trial. Father testified that he had been incarcerated approximately fifty percent of the time since the case began.

Father was incarcerated at the time of trial. There was no testimony that he would be able to provide for the children. He did not have a home, car, or job at the time of trial. Mother testified that Father never provided any support for her or the children.

There was testimony that the children were doing very well in Mother's care. Mother completed her service plan. In her care, all of the children's needs were being met. There were no concerns for the children in Mother's care.

We find that the evidence is legally and factually sufficient to support the trial court's finding that termination of Father's parental rights is in the best interest of E.C. and N.C. We overrule the fourth issue.

CONCLUSION

We affirm the trial court's order terminating Father's parental rights to E.C. and N.C.


STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed December 28, 2022
[CV06]

